Justice OWEN,
concurring.
A trial court has rendered a judgment that, among other things, prohibits South Texas College of Law from including “Texas A & M” in its name. South Texas and Texas A & M University have appealed that judgment to the court of appeals, which has not yet decided the matter. The current proceeding before the Court does not concern the merits of that controversy. The only issue is whether, pending appeal, South Texas and Texas A & M are entitled to suspend the injunction issued by the trial court. Both the trial court and the court of appeals concluded that the injunction should not be suspended. I join in the Court’s order announcing that it will deny the schools’ petition. I write separately only to respond to the dissent. There is evidence that harm is likely to result to students who are currently attending South Texas, to students who decide to attend South Texas pending the appeal, and to those who contribute to South Texas on the basis of an affiliation with Texas A & M, if the injunction issued by the trial court is suspended and South Texas and Texas A & M are unsuccessful on appeal. On the other hand, the harm that South Texas will likely suffer if the injunction is not suspended is relatively slight. Accordingly, the Court should not suspend the judgment pending appeal. *224 The decision to deny suspension of the injunction pending appeal does not in any manner predict or prejudge whether the affiliation agreement between South Texas and Texas A & M is valid.
I
The rule of law that applies when a governmental entity has obtained an injunction and the losing party seeks to suspend the injunction pending appeal is Texas Rule of Appellate Procedure 24.2(a)(5). That rule requires courts to consider the harm that is likely to result to third parties, including the public, and the harm that is likely to result to parties to the litigation.[1]
The dissent contends that when Rule 24 is applied in this case, it compels this Court to issue a writ of mandamus and suspend the trial court’s injunction pending appeal. I disagree. First, I do not believe, as the dissent suggests, that the Texas Higher Education Coordinating Board lulled South Texas or A & M into a false sense of security regarding the validity of the affiliation agreement between the two schools. The Board should not be estopped from seeking to enforce the permanent injunction that it obtained pending appeal. Second, the evidence of relative harm in this record does not augur in favor of interference with the lower courts’ rulings. I turn first to the suggestion that the Coordinating Board’s actions or inac-tions preclude suspension of the judgment pending appeal.
II
The affiliation agreement between South Texas and A & M was signed on January 23, 1998. Prior to that time, the schools had discussions with Leonard Rauch, who was then the chairman of the Texas Higher Education Coordinating Board, and with Don Brown, who was the Commissioner of Higher Education. Although Brown was told that an affiliation was under consideration, he was not made aware until after the agreement was signed that it would involve changing the name of South Texas to include “Texas A & M” or that joint degrees were to be awarded by the schools. Just twelve days after the agreement was signed, when Brown had been given the opportunity to see the agreement, Brown wrote a letter to the President of A & M, Ray Bowen, advising him of seven concerns “thus far.” Those concerns included the use of the name “Texas A & M” in conjunction with the South Texas School of Law and the addition of the study of law to the A & M’s stated mission and role as a state university. In his letter to Bowen, Brown clearly asserted his belief that the Texas Education Code proscribed at least the name change and joint degrees unless and until approval was obtained from the Coordinating Board or the Legislature.
About two months after the affiliation agreement had been signed, the Coordinating Board sought an opinion from the Attorney General regarding the legality of the agreement. That request prompted South Texas to file the underlying lawsuit to forestall an opinion from the Attorney General. Texas A & M intervened in the suit. The two schools nevertheless pro *225 ceeded to implement the affiliation agreement in spite of the Coordinating Board’s opposition and the litigation.
The case was tried in 1999, and the trial court held that the affiliation agreement was void. The trial court granted permanent injunctive relief when it rendered its final judgment in August of 1999, and, as noted above, declined to suspend its judgment pending the appeal that South Texas and A & M are currently pursuing in the court of appeals. The court of appeals likewise denied the request of South Texas and Texas A & M to suspend the judgment. The court of appeals has set oral arguments for this November.
The dissent argues that the Coordinating Board’s failure to ask for temporary injunctive relief pending a decision on the merits undercuts its argument that harm is likely to occur if the permanent injunction is suspended pending appeal. While I agree that failure to seek temporary in-junctive relief may be factored into the equation when balancing the harm that is likely to occur, the failure to seek temporary relief, standing alone, should not be determinative or even given great weight. For the reasons to which I now turn, the evidence of harm in this record supports a denial of the suspension of the injunction.
Ill
Probability of success on the merits is not a factor to be considered under Texas Rule of Appellate Procedure 24.2(a)(5). Rather, the Court’s task is to consider the relative harm that is likely to be suffered by South Texas and A & M, by the Coordinating Board, and by third parties.
The Coordinating Board called the president of South Texas, who is also its dean, as an adverse witness at the hearing on whether an injunction should issue and if so, whether that relief should be superseded. The dean testified that students who are now attending South Texas and students who would apply and enroll in the interim while the appeal is pending would be harmed if South Texas continues to include in its name “affiliated with Texas A & M University” and the two schools are then unsuccessful on appeal. The dean candidly testified that it is important not to mislead or confuse students. That is why, when the Higher Education Coordinating Board raised an objection to the affiliation agreement, South Texas took great care to notify all existing and potential students that the name it had been using, “South Texas College of Law of Texas A & M University,” had been changed to “South Texas College of Law affiliated with Texas A & M University.” The dean testified that South Texas was motivated in part to make the disclaimer “because of this long, uncertain interim period [during litigation] and [the] desire not to confuse any potential applicants.” A reasonable inference can be drawn that if the appellate courts agree with the trial court that South Texas cannot use “Texas A & M” at all without approval from the Higher Education Coordinating Board or the Legislature, there will be confusion and students will be misled if “affiliated with Texas A & M University” is used pending the outcome of the appeal.
About 400 students have enrolled at South Texas since the affiliation agreement was signed. The dean of South Texas testified that unless the injunction is suspended, these students would suffer a “tremendous” and “terrible shock,” that they would be “very discontented students,” and that they would be injured because “a number of [them] believed that ultimately if this agreement were to work out, their degrees would be enhanced, they would be injured.” Thus, South Texas students believe that their degrees will be more valuable because of an affiliation with Texas A & M. Reliance on the name of Texas A & M pending appeal is harmful to these students if South Texas does not prevail on appeal.
The dean of South Texas admitted that it is extremely important to his school to be able to use “Texas A & M” as part of its *226 name in attracting new students. The dean also described South Texas’ recruiting brochure, which contains the application to “South Texas College of Law affiliated with Texas A & M University,” as “our most important publication.” Neither the brochure nor the application mentions the litigation or the possibility that on appeal, the trial court’s determination that the affiliation agreement with A & M is void will be upheld. Again, the reasonable inference from this testimony is that students who would not otherwise desire to attend South Texas 'will be attracted to the school because Texas A & M is part of the name. The chairman of the board of South Texas agreed that it was “possible” that “students who came to the institution relying upon the existence of the affiliation agreement” would be harmed if South Texas’ appeal is unsuccessful.
Finally, the dean of South Texas was forthright in explaining that unless prohibited by an injunction pending appeal, the school intends to use the affiliation with Texas A & M to obtain contributions and that if it cannot refer to the affiliation, its “ability to raise funds in the community” will be “adversely] impact[ed].” Accordingly, the use of the name “Texas A & M” pending appeal will persuade some to contribute who would not have done so otherwise.
The trial court, the court of appeals, and this Court are required to consider under Texas Rule of Appellate Procedure 24.2(a)(5) the countervailing harm to South Texas and A & M if the injunction is not suspended. In my view, the harm suffered by those schools would be relatively slight if they are required to abide by the trial court’s injunction but then prevail on appeal and are permitted to go forward with the affiliation agreement. There was evidence that South Texas will be required to “destroy a lot of paper stock, order new paper stock, business cards, letterhead, stationery, [and] signage.” This is some evidence of harm, but only slight harm.
As noted above, there was also evidence that the level of contributions to South Texas would be affected and that some students may not choose to apply for admission to South Texas if it is not affiliated with Texas A & M. However, as also discussed above, that evidence is a double-edged sword.
South Texas will not, as the dissent suggests, suffer an irreparable loss of over two million dollars unless the injunction is suspended pending appeal. The testimony of South Texas officials makes clear that the investment of two million plus dollars by South Texas was primarily to create joint degree plans with Texas A & M and to link the libraries of the two schools electronically. But the degree plans, which had yet to be implemented when the injunction was issued, will still exist and could be implemented in the future if the appeal is successful. Nor does the injunction require severance of the interconnection between the libraries.
The dissent points out that there was testimony that South Texas’ investment in the affiliation agreement would be permanently impaired if the judgment is not suspended and the schools are ultimately allowed to proceed with the affiliation. But the injury to South Texas described by that testimony is ephemeral at best. An expert opined that faculty members would not be as enthusiastic in the future. This “waste of the human spirit, and a loss of the belief that being flexible, creative and willing can make institutions stronger and better” pales in comparison to the harm that is likely to be suffered if students and potential contributors rely on South Texas’ use of the name “Texas A & M.”
The dissent observes that the dean of South Texas testified that “to begin a project like this and announce an affiliation with a major university and then be told later it is a void agreement and illegal, that would injure our reputation.” But, when the trial court inquired: “And Dean, I assume that would be true even if I had granted your motion for summary judgment and then it went up on appeal and ultimately the agreement was found to be *227 void,” the dean responded, “[tjhat’s true.” Even absent that admission, it is obvious from the testimony that some injury to South Texas’ reputation has been sustained from the trial court’s ruling on the merits. There is no evidence of how the harm will be lessened if the judgment is suspended pending appeal, particularly if the appeal is unsuccessful.
Finally I note that even before this mandamus proceeding was filed with the Court, the dean of South Texas sent written notice to the Commissioner of Higher Education addressed generically to “Dear Vendor/Professional Organization/Publication.” That notice states, among other things, that the injunction issued in the underlying litigation enjoins “only the use of the name and the governance items of the contested agreement” and that “academic endeavors between the two schools continue.” South Texas thus appears to have complied voluntarily with the-parts of the trial court’s injunction that South Texas claims will inflict irreparable injury unless the injunction is suspended.
In sum, based on the present record in this case, this Court should not grant a writ of mandamus suspending the trial court’s judgment pending appeal.

. Rule 24 provides in pertinent part:
RULE 24. SUSPENSION OF ENFORCEMENT OF JUDGMENT PENDING APPEAL IN CIVIL CASES
[[Image here]]
(5) For a Governmental Entity. When a judgment in favor of a governmental entity in its governmental capacity is one in which the entity has no pecuniary interest, the trial court must determine whether to suspend enforcement, with or without security, taking into account the harm that is likely to result to the judgment debtor if enforcement is not suspended, and the harm that is likely to result to others if enforcement is suspended. The appellate court may review the trial court’s determination and suspend enforcement of the judgment, with or without security, or refuse to suspend the judgment. If security is required, recovery is limited to the governmental entity’s actual damages resulting from suspension of the judgment.
Tex.R.App. P. 24.2(a)(5).